IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Emmett Ray Nall, | C/A No. 6:13-31-JFA-KFM |
| Petitioner, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Warden Cartledge, | |
| Respondent. | |

Petitioner, Emmett Ray Nall ("Petitioner"), a state prisoner in the Perry Correctional Institution of the South Carolina Department of Corrections in Pelzer, South Carolina, who is proceeding *pro se* and *in forma pauperis*, has filed this Petition for Writ of Habeas Corpus. This matter is before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC for initial screening. Petitioner is serving a sentence of life imprisonment without parole for burglary, after being convicted and sentenced in Greenville County General Sessions Court on September 16, 1997. Having reviewed the instant Petition and applicable law, the Court finds that the Petition should be summarily dismissed, without prejudice and without requiring Respondent to file a return, because this Court lacks jurisdiction to entertain it.

### **FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner, a state prisoner, has filed this case using a form pleading designed for federal prisoners, entitled "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." *See* ECF No. 1, p. 1. Petitioner's pleading is accompanied by a cover letter in which Petitioner states that he "could not determine for sure if the Court will accept a 2255 petition for a state prisoner[] but I have to take every

opportunity to get this illegal sentence overturned." *See* ECF No. 1-2, p. 1. As noted above, Petitioner seeks to challenge his September 1997 state court conviction and sentence. So, Petitioner has erroneously completed and filed a motion pursuant to 28 U.S.C. 2255, because Petitioner, as a state prisoner incarcerated pursuant to the judgment of a state court, cannot file a § 2255 motion. Consequently, Petitioner's pleading has been liberally construed as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, and opened as a new § 2254 case.

Petitioner is already attempting to challenge this same state court conviction and sentence, in two other pending cases in this Court, *i.e. Nall v. Cartledge,* C/A No. 6:12-2375-JFA-KFM (D.S.C.) and *Nall v. Cartledge, et al.*, C/A No. 6:12-2424-JFA-KFM (D.S.C.).[1] In both of these cases, the undersigned has issued a Report and Recommendation, recommending that Petitioner's § 2254 habeas petition be summarily dismissed, without prejudice and without requiring the respondent to file a return, because the habeas petition is successive and Petitioner did not obtain authorization from the United States Fourth Circuit Court of Appeals prior to filing the petition.[2]

---

[1] The undersigned takes judicial notice of Petitioner's prior related proceedings in this district court and in the United States Fourth Circuit Court of Appeals, *i.e. Nall v. Cartledge, et al.*, C/A No. 6:12-2424-JFA-KFM (D.S.C.); *Nall v.* Cartledge, C/A No. 6:12-2375-JFA-KFM (D.S.C.); *Nall v. McCall*, C/A No. 6:11-2771-JFA-KFM, 2011 U.S. Dist. LEXIS 144120 (as amended Jan. 23, 2012), 2012 WL 193686 (D.S.C.); and *Nall v. Bazzle*, C/A No. 6:07-1483-JFA-WMC, 2009 U.S. Dist. LEXIS 131692 (D.S.C.). *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

[2] Prior to filing C/A Nos. 12-2375 and 12-2424, Petitioner previously filed two other § 2254 habeas petitions in this Court challenging this same conviction and sentence, and challenging Petitioner's two prior 1986 convictions for second degree burglary which were considered by the state court in imposing Petitioner's enhanced sentence pursuant to S.C Code § 17-25-45, following Petitioner's jury trial in Greenville

In the instant Petition, Petitioner raises the ground that his "sentence [is] illegal pursuant to Federal Law." *See* ECF No. 1, p. 4. Petitioner asserts that "in 1986, [Petitioner] pled guilty to two (2) counts of second degree burglary at one proceeding and was sentenced to one consolidated Y.O.A. sentence [but, in 1997,] the State court counted this one conviction as two separate offenses and sentenced [Petitioner] to life without parole under its three strikes law." *Id.* Petitioner alleges that "in every case where the U.S. Courts of Appeal have addressed this issue it has ruled that the State of South Carolina can not do so." *Id.* Petitioner also alleges that his 1997 conviction violated his Sixth Amendment right to effective assistance of counsel. *See* ECF No. 1, p. 12.

---

County General Sessions Court, on September 16, 1997.

    In *Nall v. Bazzle*, C/A No. 6:07-1483-JFA-WMC, 2009 U.S. Dist. LEXIS 131692 (D.S.C.), this Court granted summary judgment for the Respondent and denied Petitioner's § 2254 habeas petition. C/A No. 07-1483, ECF No. 81. Petitioner appealed this Court's judgment, and the United States Fourth Circuit Court of Appeals denied a certificate of appealability and dismissed Petitioner's appeal, on August 26, 2009. C/A No. 07-1483, ECF No. 92. *See Nall v. Bazzle*, 332 F. App'x 101, 2009 U.S. App. LEXIS 19182 (4th Cir. S.C., 2009). This disposition constituted a final adjudication on the merits determining the legality of Petitioner's detention. *See* 28 U.S.C. § 2244(a); Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts (applicable in § 2241 habeas actions also, pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases); *Slack v. McDaniel*, 529 U.S. 473, 485-89 (1999); *Harvey v. Horan*, 278 F.3d 370, 379-80 (4th Cir 2002) (abrogated on other grounds *Skinner v. Switzer*, 131 S.Ct. 1289, (2011)).

    In *Nall v. McCall*, C/A No. 6:11-2771-JFA-KFM (D.S.C.), ECF No. 1, 2011 U.S. Dist. LEXIS 144120 (as amended Jan. 23, 2012), 2012 WL 193686 (D.S.C.), this Court summarily dismissed Petitioner's second § 2254 habeas petition, without prejudice and without requiring the respondent to file a return. Again, Petitioner appealed this Court's judgment and, again, the United States Fourth Circuit Court of Appeals denied a certificate of appealability and dismissed Petitioner's appeal, on June 5, 2012. *See Nall v. McCall*, 473 F. App'x 198, 2012 U.S. App. LEXIS 11430, 2012 WL 1997709 (4th Cir. S.C., 2012).

## ***PRO SE* HABEAS REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition. This Court is required to construe *pro se* petitions liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (citing *Rice v. Olson*, 324 U.S. 786, 791–92 (1945); *Holiday v. Johnston*, 313 U.S. 342, 350 (1941)).

When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 10 (citing *Cruz v. Beto*, 405 U.S. 319, 322 (1972)). However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Furthermore, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts (applicable to § 2241 habeas petitions pursuant to Rule 1(b) of the Rules). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not

4

rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

Petitioner's use of a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is not proper in this case. Chapter 153 of Title 28 of the United States Code provides a statutory framework for federal post-conviction relief from judgments of conviction entered in federal and state courts. Under this framework, individuals convicted of crimes in state courts seek federal habeas corpus relief primarily through 28 U.S.C. § 2254. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). A motion filed pursuant to 28 U.S.C. § 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. *See Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (collecting cases from other circuits).

A state prisoner's sole federal remedies for challenging the constitutional validity of his or her custody are a petition for writ of habeas corpus under 28 U.S.C. § 2254 and possibly, but less commonly, a petition for writ of habeas corpus under 28 U.S.C. § 2241, either of which can be sought only after a petitioner has exhausted state court remedies with regard to the conviction and sentence. *See* 28 U.S.C. § 2254(b); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973) (exhaustion also required under 28 U.S.C. § 2241). Circuit courts are split on whether § 2254 or § 2241 is the proper statute under which a state inmate should proceed when challenging the manner of execution of

a state sentence.[3]  The majority view is that § 2254 is the exclusive vehicle for habeas corpus relief by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying conviction.  *See White v Lambert*, 370 F.3d 1002, 1005 (9th Cir. 2004), overruled on other grounds by *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010).  *But see Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002) (approving of inmates proceeding under § 2241 to challenge execution of state court sentence).  The Fourth Circuit noted the split of authority in *Gregory v. Coleman*, 218 F. Appx 266 (4th Cir. 2007), but does not appear to have taken a definitive stance to date.

On April 24, 1996, the President of the United States signed into law the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") which, in part, amended Chapter 153.  The AEDPA effected a number of substantial changes regarding the availability of federal post-conviction relief to individuals convicted of crimes in federal and state courts.  Of particular importance here are the provisions of the AEDPA codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief.  *See Felker v. Turpin*, 518 U.S. 651, 657 (1996).  Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus (or the equivalent thereof) without first receiving permission to do so from the appropriate circuit court of appeals.  *See In re Vial*, 115 F.3d at 1194.  The "gatekeeping" mechanism created by the AEDPA added 28 U.S.C. § 2244(b)(3)(A) to

---

[3] "Unlike petitions brought under § 2254, which challenge the validity of a state court conviction and sentence, petitions brought under § 2241 generally challenge the execution or implementation of a sentence, such as parole matters, sentence computation, calculation of good time credits, prison disciplinary actions, and transfers." *Clemmons v. South Carolina*, C/A No. 0:08-607-RBH, 2008 U.S. Dist. LEXIS 55319, 2008 WL 2845636, *1 (D.S.C. July 18, 2008).

provide that, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. (emphasis added).

The threshold issue in this case is whether Petitioner has complied with the provisions of § 28 U.S.C. § 2244(b)(3)(A)-(E) and Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts, by obtaining authorization from the Fourth Circuit to file this action. *See In re Williams*, 364 F.3d 235, 238 (4th Cir. 2004), the "initial determination of whether a claim satisfies" the requirements of § 2244(b)(2) "must be made by a court of appeals"; *In re Fowlkes*, 326 F.3d 542, 544 (4th Cir. 2003) ("Since Fowlkes has previously filed a section 2254 motion, he may only file a successive section 2254 motion if he receives authorization from this court [(the Fourth Circuit Court of Appeals)] under the standard established in section 2244(b)(3)(C)."); *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization [from the court of appeals], the district court lacks jurisdiction to consider an application containing abusive or repetitive claims."). It is clear on the face of the instant Petition that such a motion has not been filed in the Fourth Circuit by Petitioner, and such an order making the required determination to authorize this Court to consider this successive § 2254 petition has not been issued by the Fourth Circuit.[4] Consequently, this Court has no jurisdiction to consider the instant Petition and Petitioner is barred from attacking his state court burglary conviction and sentence.

---

[4] The issue of successiveness of a habeas petition may be raised by the court *sua sponte*. *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997); *Latimer v. Warden*, No. 6:10-721-JFA-WMC, 2010 U.S. Dist. LEXIS 68795, 2010 WL 2720912 (D.S.C. July 8, 2010).

7

Moreover, the claims raised by Petitioner in the instant case are duplicative of the claims asserted by Petitioner in his previously filed § 2254 habeas cases, which are currently pending in C/A Nos. 12-2375-JFA-KFM (D.S.C.) and 12-2424-JFA-KFM (D.S.C.). This Court should not entertain three separate, virtually identical habeas claims filed by Petitioner, challenging the same conviction and sentence. To do so would fly in the face of the important interests of judicial efficiency and economy. As the United States Court of Appeals for the Fifth Circuit commented when faced with similar circumstances, "[t]he District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient." *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970).

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that the instant Petition for a Writ of Habeas Corpus be dismissed without prejudice and without requiring Respondent to file a return. Petitioner's attention is directed to the important notice on the next page.

January 7, 2013                                         s/ Kevin F. McDonald
Greenville, South Carolina                      United States Magistrate Judge

8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).